# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMEON ROBINSON, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 07-1390 |
| BARBARA PORGES, et al., | : | |

## MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT

**Baylson, J.**                                                                                            **January 29, 2010**

On January 12, 1996, plaintiff Simeon Robinson purchased the property at 511 Parrish Street, Philadelphia, Pennsylvania ("the property"). Robinson now brings suit against numerous defendants for alleged violations of state and federal law arising from the foreclosure of, and his subsequent removal from, the property. Before the Court are many of defendants' Motions to Dismiss and/or for Summary Judgment (Docs. 21, 22, 26, 27, 32, 54, 55, 82, 95, 96), as well as defendant Barbara Porges's Motion to Set Aside Entry of Default (Doc. 84). As the Court finds it lacks jurisdiction over Robinson's claims, defendants' Motions will be granted.

## I. FACTS

On July 29, 2002, defendant Credit-Based Asset Servicing and Securitization, LLC ("C-Bass") filed an action in mortgage foreclosure ("the Foreclosure Action") as to the property in the Philadelphia Court of Common Pleas. See Credit-Based Asset Servicing & Securitization, LLC v. Robinson, No. 4128 (Phila. Ct. Common Pleas July Term, 2002). On January 27, 2003, the court entered an order granting C-Bass's motion for summary judgment, which Robinson appealed. See Credit-Based Asset Servicing & Securitization, LLC v. Robinson, No. 816 EDA 2003 (Pa. Super. Ct. filed Mar. 17, 2003). The property was scheduled to be offered at a

Sheriff's Sale, and on June 3, 2003, the court ordered that the Sheriff's Sale of the property was to be delayed two months, until August 5, 2003. Robinson twice moved to stay proceedings pending his appeal of the Foreclosure Action, which the court denied on July 14, 2003 and August 5, 2003; the Superior Court of Pennsylvania dismissed Robinson's appeal of the denial. See Credit-Based Asset Servicing & Securitization, LLC v. Robinson, No. 2800 EDA 2003 (Pa. Super. Ct. Nov. 6, 2003). On August 5, 2003, the Property was sold at Sheriff's Sale to defendant Joshua Cohen. Robinson discontinued his appeal of the Foreclosure Action, and on August 8, 2003, he filed a petition to set aside the Sheriff's Sale. The court denied this petition on November 17, 2003; the Superior Court quashed Robinson's appeal of this denial, and also denied his subsequent motion for reconsideration. See Credit-Based Asset Servicing & Securitization, LLC v. Robinson, No. 3826 EDA 2003 (Pa. Super. Ct. Aug. 20, 2004; Sept. 16, 2004). By deed dated February 7, 2005 and recorded April 29, 2005, the Sheriff of the City and County of Philadelphia conveyed the property to Cohen and defendant Barbara Porges.

Prior to the conveyance of the deed, on November 12, 2004, Cohen and Porges commenced a landlord-tenant action against Robinson ("the Landlord-Tenant Action") in the Philadelphia Municipal Court, seeking possession of the property. See Cohen v. Robinson, No. LT-04-11-12-1704 (Phila. Mun. Ct. filed Nov. 12, 2004). On January 3, 2005, that court entered default judgment for possession in favor of Cohen and Porges. On January 18, 2005, Robinson filed a petition to open the default judgment, which the court denied on February 11, 2005. On February 22, 2005, Robinson filed a petition to stay his eviction, which the court denied; Robinson filed a motion to reconsider, which the court also denied. Despite a subsequent attempt to evict him, Robinson continued to occupy the property.

By deed dated May 24, 2005 and recorded May 31, 2005, Cohen and Porges conveyed the property to defendant East West Realty Group, LLC ("East West"). By deed dated and recorded June 10, 2005, East West conveyed the property to defendant Advanced Real Estate Concepts, LP ("Advanced"). Robinson continued to occupy of the property throughout these conveyances.

On December 1, 2005, Advanced commenced an action in ejectment ("the Ejectment Action") in the Philadelphia Court of Common Pleas against Robinson. See Advanced Real Estate Concepts, LP v. Robinson, No. 3450 (Phila. Ct. Common Pleas Nov. Term, 2005). On August 8, 2005, the court granted summary judgment in favor of Advanced; the Superior Court affirmed this determination on appeal, and denied Robinson's motion for reconsideration. See Advanced Real Estate Concepts, LP v. Robinson, No. 2397 EDA 2006 (Pa. Super. Ct. Apr. 2, 2007; May 22, 2007). Subsequently, Robinson was removed from the property.

On October 6, 2006, Robinson brought suit in the Philadelphia Court of Common Pleas against Cohen, Porges, the Sheriff of the City and County of Philadelphia, East West, and Advanced ("the Advanced Action"). See Robinson v. Advanced Real Estate Concepts, LP, No. 1172 (Phila. Ct. Common Pleas Oct. Term, 2006). On April 3, 2007, the court sustained East West's preliminary objections and dismissed with prejudice the suit against it; the Superior Court quashed Robinson's appeal from this order. On July 23, 2007, the court sustained the preliminary objections of Advanced and the Sheriff of Philadelphia County and dismissed with prejudice the suit against both; the Superior Court quashed Robinson's appeal from these orders. See Robinson v. Advanced Real Estate Concepts, LP, No. 3348 EDA 2008 (Pa. Super. Ct. Feb. 27, 2009).

## II. PROCEDURAL HISTORY

On April 14, 2007, Robinson filed a Complaint (Doc. 3) in the present action; on May 6, 2009, he filed an Amended Complaint (Doc. 18).  Robinson's Amended Complaint names numerous defendants and raises the following claims under federal and state law: "conspiracy to violate civil rights"; "violation of civil rights"; "malicious abuse of process"; "assault and battery and terrorist threats by defendants to cause plaintiff's false arrest"; "wrongful use of civil proceedings (42 Pa. C.S. § 8351)"; "civil fraud wrongful use of civil proceedings"; "intentional infliction of severe emotional distress"; "theft by deception"; and "reckless indifference, willful blindness, and outrageous conduct."  Robinson seeks the following relief for these claims:  "the return of his home as his own property with free and clear deed and title"; "actual damages in the amount of U.S. $2,500,000.00 exclusive of interests and costs"; "punitive damages twice the amount of actual damages awarded for defendants' outrageous conspiratorial conduct and intentional infliction of emotional distress"; "treble damages, as applicable under the RICO Act statutes"; and "such other relief as the Court finds appropriate." (Doc. 18 at 54–55).  Defendants Alan Candell, Ftown Properties 3 LLC, and American Loan 2 LLC filed an Answer to the Amended Complaint calling for dismissal of the suit against them (Doc. 36), and as noted above, many defendants filed Motions to Dismiss and/or for Summary Judgment asserting, inter alia, that the Court lacks subject matter jurisdiction over many of Robinson's claims.[1]  Robinson submitted Responses to these Motions.  (Doc. 67, 80, 86, 92).  Upon Robinson's request, default was entered against Porges on September 28, 2009, for failure to appear, plead, or otherwise defend.  On December 1, 2009, Porges filed a Motion to Set Aside Entry of Default.  (Doc. 84).

### III. JURISDICTION

---

[1] As the Court finds this argument dispositive, it will not detail the other contentions raised by these defendants in their Motions.

Robinson identifies numerous provisions as the basis for the Court's jurisdiction over this suit, including 28 U.S.C. §§ 1331, 1332(a)(1), 1343, and 1367. (Doc. 18 at 7–9). As noted, the Court's jurisdiction is contested, and will be addressed below. The Court notes, however, that it would not have jurisdiction based on diversity of citizenship under § 1332(a)(1); as Robinson's Amended Complaint makes clear, he and many of the defendants are Pennsylvania citizens. Thus, to the extent the Court may have jurisdiction over Robinson's claims, it would arise only under §§ 1331 and 1343 with respect to his federal-law claims, and under § 1367 with respect to his state-law claims.

## IV. ANALYSIS

When considering a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (internal quotation marks and alteration marks omitted).

Defendants contend that, under the Rooker-Feldman doctrine, the Court lacks jurisdiction over many of Robinson's claims. "The Rooker-Feldman doctrine precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)); see generally D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This doctrine only applies to the narrow class of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149, 152 (3d Cir. 2008) (nonprecedential) ("The doctrine applies only when a plaintiff asks a district court to redress an injury caused by the state court judgment itself—not when a plaintiff merely seeks to relitigate a claim or issue already litigated in state court."). As the United States Court of Appeals for the Third Circuit recently summarized,

> The Rooker-Feldman doctrine is implicated when, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996). Accordingly, a claim is barred by Rooker-Feldman under two circumstances: (1) "if the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." In re Knapper, 407 F.3d [573, 580 (3d Cir. 2005)].
> Moreover, a federal claim is "inextricably intertwined" with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. Id. at 581 (quoting Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004)).

In re Madera, 586 F.3d at 232.

In the present case, two of Robinson's claims allege violations of federal law: conspiracy to violate civil rights, and violation of civil rights.[2] According to Robinson, defendants' actions violated "42 U.S.C. §§ 1981–1983, 1985(3) and 1988(a)." (Doc. 18 at 8). In particular,

---

[2]Throughout his Amended Complaint and subsequent briefing, Robinson refers to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1965. He does not, however, raise an independent claim based upon it. Even if properly pleaded, however, the Court would lack subject matter jurisdiction to adjudicate such a claim for the same reasons it lacks jurisdiction over his federal constitutional claims.

Robinson alleges that the conveyance of the deed for the property from the Sheriff to Cohen and Porges was unlawful, as Cohen failed to pay the amount he owed from the Sheriff's Sale within the required time frame; the Landlord-Tenant Action brought by Cohen and Porges and the consequent attempt to remove Robinson from the property were unlawful, as Robinson was not a tenant of Cohen and Porges and thus the Municipal Court lacked jurisdiction over the action; the conveyances of the deed for the property from Cohen and Porges to East West and from East West to Advanced, as well as the subsequent Ejectment Action brought by Advanced against Robinson, were unlawful, as East West did not exist as an entity at the time of these events. According to Robinson, this misconduct is "at the nexus of [his] complaint in this matter," (Doc. 67 at 9), and resulted in the violation of a number of his constitutional rights, including due process, equal protection, and privacy. As he alleges,

> [T]he fraudulently obtained Landlord-Tenant Writ of Possession and the original Complaint filed by defendants Cohen and Porges in support of said writ, and the conveyance of the fraudulently conveyed deed to East West and subsequently the fraudulently conveyed deed to Advanced and thereafter the Complaint filed by Advanced which resulted in movement to produce another fraudulent writ of possession, said writ was used as a tool to facilitate other fraudulently action(s) engaged in and taken, and therefore the result of conspiratorial acts committed by these and other certain named defendants as alleged and described herein this amended complaint to deprive Plaintiff of his Constitutional guaranteed and protected rights within these United States of America.

(Amended Compl. 28–29).

In response to defendants' invocation of the Rooker-Feldman doctrine, Robinson stresses that he is not asking the Court to overturn the state court's determination against him in the Foreclosure Action, but that the claims he raises in the present suit are independent of those adjudicated before the state courts. As the allegations in his Amended Complaint make clear, however, Robinson's federal constitutional claims are "inextricably intertwined" with the state-

7

court judgments that have been entered against him. His claims arise from his belief that the various conveyances of the deed—first to Cohen and Porges, then to East West, and lastly to Advanced—were unlawful, and the judgments in the Landlord-Tenant and Ejectment Actions, which are premised upon the validity of these conveyances, were erroneously entered against him. The injuries for which he seeks relief were caused by these state-court judgments, and in order to award him his requested relief—namely, monetary damages and possession of the property—it would be necessary for the Court to "review and reject[] . . . those judgments." Exxon Mobil Corp., 544 U.S. at 284. For instance, adjudicating Robinson's claims in his favor would require rejection of the conclusion underlying the Landlord-Tenant Action that Cohen and Porges, not Robinson, were the rightful owners of the property. Similarly, "an action in ejectment . . . cannot be maintained by the plaintiff unless he is out of possession [of the property in question], and he has a right to the possession of the property at the time of the commencement of the action." Wells Fargo Bank, N.A. v. Long, 934 A.2d 76, 79 (Pa. Super. Ct. 2007); see also id. at 78 (noting that "a determination of possession is a jurisdictional prerequisite to the trial court's authority to entertain the merits of [a plaintiff's] complaint in ejectment"). Thus, as defendants correctly note,

> when the Philadelphia Court of Common Pleas entered its Order . . . granting a judgment of possession to Advanced [in the Ejectment Action], it did so after determining that the Sheriff's Deed to the Property had been delivered and recorded, and that pursuant to that Deed, Advanced was entitled to possession of the Property. The [court] made a legal determination that Plaintiff did not have a legal right to remain in possession of the Property and that the Deed transferring the Property to Advanced gave Advanced the legal right to possess the property.

(Cohen Mot. to Dismiss 16–17). Adjudicating Robinson's federal claims in his favor would require effectively negating this state-court determination that the deed to the property has been

8

lawfully conveyed to Advanced and that Advanced was entitled to remove Robinson from the property. Under the Rooker-Feldman doctrine, the Court lacks jurisdiction to entertain such claims. Cf. In re Knapper, 407 F.3d at 581 (finding Rooker-Feldman deprived the court of jurisdiction over plaintiff's due-process claim arising from default judgments in foreclosure entered against her, because the claim "assert[ed] that the state lacked personal jurisdiction over her because of defective service of process," and so could "only prevail if a federal court concludes that the state courts' default judgments were improperly obtained"); Laychock v. Wells Fargo Home Mortgage, Civ. A. No. 07-4478, 2008 WL 2890962, at *5 (E.D. Pa. July 23, 2008) (Sanchez, J.) (finding Rooker-Feldman barred plaintiff's claim under 42 U.S.C. § 1983 that her First, Fourth, and Fourteenth Amendment rights had been violated as a result of a mortgage foreclosure, because plaintiff's "constitutional deprivation depend[ed] on a finding the foreclosure was illegal" and "[s]uch a finding require[d] deciding the state court was wrong in entering the default mortgage foreclosure").

## V. CONCLUSION

As the Court lacks subject matter jurisdiction over Robinson's federal-law claims, and declines to exercise supplemental jurisdiction over his remaining state-law claims, see 28 U.S.C. § 1367(c)(3), defendants' Motions to Dismiss and/or for Summary Judgment, and defendant Porges's Motion to Set Aside Entry of Default, are granted.

An appropriate order follows.

O:\CIVIL 07-08\07-1390 Robinson v. Porges\07-1390 Robinson v Porges - memorandum 1-29-10.wpd